**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| In re:<br><br>GROFF TRACTOR MID ATLANTIC, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-90010 (ELM)<br><br>(Jointly Administered) |

**ORDER AUTHORIZING AND APPROVING THE RETENTION AND
EMPLOYMENT OF PACHULSKI STANG ZIEHL & JONES LLP
AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF THE DEBTORS EFFECTIVE AS OF NOVEMBER 7, 2025**

Upon consideration of the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee"), pursuant to sections 328 and 1103(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are: Groff Tractor Mid Atlantic, LLC (7629), Dealer 2023 LLC (3275), and Groff Tractor Holdings, LLC (0486), and the location of the service address for the Debtors is: 1460 Main Street, Suite 200, Southlake, TX 76092.
[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the *Bankruptcy Local Rules for the United States Bankruptcy Court for the Northern District of Texas* (the "Bankruptcy Local Rules"), for entry of an order authorizing and approving the retention and employment of Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm") as counsel for the Committee in the chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), as more fully described in the Application; and upon consideration of the Sandler Declaration and the MacLeod Declaration, each submitted in support of the Application and annexed thereto as Exhibit B and Exhibit C, respectively; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Committee having provided adequate and appropriate notice of the Application under the circumstances; and after due deliberation and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. Pursuant to sections 328 and 1103 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Bankruptcy Local Rules 2014-1 and 2016-1, the Committee is hereby authorized to retain and employ PSZJ as counsel to the Committee, effective as of November 7, 2025, as set forth in this Order.

2. PSZJ shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases as set forth in the Application and Sandler Declaration, and in compliance with sections 330 and 331 of the Bankruptcy Code, the

Bankruptcy Rules, the Bankruptcy Local Rules, and any other applicable procedures and orders of this Court. For billing purposes, the Firm shall keep its time in one tenth (1/10) hour increments.

3. Notwithstanding anything to the contrary in the Application or the Declarations attached to the Application, the Firm shall not be entitled to reimbursement for fees and expenses in connection with any objection to its fees, without further order of the Court.

4. PSZJ shall provide ten (10) business days' notice to the Committee, the Debtors, and the U.S. Trustee, which notice shall be filed with the Court, prior to filing and/or serving a fee statement or fee application reflecting such an increase. The U.S. Trustee shall retain the right to object to any rate increase on any and all grounds, including under the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

5. The Committee and PSZJ are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

6. The Firm shall use its reasonable efforts, and coordinate with the Committee and their other retained professionals, to avoid any duplication of services provided by any of the Committee's other retained professionals in these Chapter 11 Cases.

7. The Firm will review its files periodically during the pendency of these Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, the Firm will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

8. To the extent the Application, the Sandler Declaration, or the MacLeod Declaration is inconsistent with this Order, the terms of this Order shall govern.

9. The Firm is authorized to sign and file electronically all notices, orders, motions, applications and other requests for relief, all briefs, memoranda, affidavits, declarations, replies and other documents filed in support of such documents and all objections and responses related to any such documents filed by any party in these Chapter 11 Cases.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. The Court retains exclusive jurisdiction and power with respect to all matters arising from or related to the interpretation, implementation, or enforcement of this Order.

**###END OF ORDER###**